**[J-98-2019] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| KAREN HARRISON, | : | No. 51 MAP 2019 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court at No. 365 EDA 2018 |
| | : | dated December 12, 2018 Affirming |
| v. | : | in Part and Vacating in Part the |
| | : | Order of the Lehigh County Court of |
| | : | Common Pleas, Civil Division, at |
| HEALTH NETWORK LABORATORIES | : | No. 2016-C-1469 dated December |
| LIMITED PARTNERSHIPS, AND LEHIGH | : | 19, 2017 and Remanding |
| VALLEY HEALTH NETWORK, INC., | : | |
| | : | ARGUED: November 19, 2019 |
| Appellants | : | |

## DISSENTING OPINION

**JUSTICE DONOHUE**                                        **DECIDED: June 16, 2020**

By its express terms, the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §§ 951—959, is the exclusive state law remedy for a claim based on retaliatory discharge for opposing discrimination in the workplace. *See* 43 P.S. § 955(d) (prohibiting discrimination against "any individual because such individual has opposed any practice forbidden by [the PHRA]"). This is precisely the claim Harrison asserts. Therefore, she is precluded from proceeding in court under the Pennsylvania Whistleblower Law, 43 P.S. §§ 1421—1427, and the trial court properly dismissed the claim. Accordingly, with all due respect to the Majority, I dissent because, in my view, the Majority misinterprets the PHRA in reaching its contrary conclusion.

The PHRA is a comprehensive statute specifically designed to deal with discriminatory practices. To that end, it declares, inter alia, that "[t]he opportunity for an

individual to obtain employment for which he is qualified . . . without discrimination because of race, color, familial status, religious creed, ancestry, handicap or disability, age, sex, [or] national origin . . . is hereby recognized as and declared to be a civil right which shall be enforceable as set forth in this act." 43 P.S. § 953. As referenced, the PHRA specifically prohibits discrimination against an individual like Harrison because she has opposed discrimination in the work place. *Id.* at § 955(d).

At the heart of this appeal is the PHRA savings clause, which provides that:

> nothing contained in this act shall be deemed to repeal or supersede any of the provisions of any existing or hereafter adopted municipal ordinance, municipal charter or of any law of this Commonwealth **relating to discrimination because of race, color, familial status, religious creed, ancestry, age, sex, national origin or handicap or disability**, but as to acts declared unlawful by section five of this act [relating to unlawful discriminatory practices] the procedure herein provided shall, when invoked, be exclusive and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the complaint concerned. If the complaint institutes any action based on such grievance without resorting to the procedure provided in this act, such complainant may not subsequently resort to the procedure herein.

43 P.S. § 962(b) (emphasis supplied).

No one disputes that Harrison's claim is cognizable under the PHRA or that the PHRA provides her with an avenue of recourse. Moreover, the Majority, in part, correctly recognizes that:

> where an aggrieved party chooses to pursue a remedial action under the PHRA, he or she is bound exclusively to the PHRA's procedures, including the exhaustion of administrative remedies, and bound to the result; however, an aggrieved party may instead elect to pursue a remedy that exists under other municipal laws or laws of the Commonwealth and, by instituting such an alternative action, will then be precluded from restoring to the PHRA.

Maj. Op. at 14. What the Majority omits from this statement is that the other municipal laws or statutes of the Commonwealth must "relat[e] to discrimination because of race,

color, familial status, religious creed, ancestry, handicap or disability, age, sex, [or] national origin." 43 P.S. § 962(b). The Whistleblower Law does not.

The Whistleblower Law is a general statute enacted as a "remedial measure intended to enhance openness in government and compel the government's compliance with the law by protecting those who inform authorities of wrongdoing." *O'Rourke v. Dep't of Corrections*, 778 A.2d 1194, 1202 (Pa. 2001) (citation omitted). In contrast to the PHRA's laser focus on the prohibition of and the provision of remedies for discrimination, the Whistleblower Law is not related to[1] the same subject matter. It is broad and general anti-retaliation legislation enacted for the express purpose of:

> [p]roviding protection for employees who report a violation or suspected violation of State, local or Federal law, providing protection for employees who participate in hearings, investigations, legislative inquiries or court actions; and prescribing remedies and penalties.

Preamble, Act of Dec. 12, 1986, P.L. 1559, No. 169, Cl. 43, 43 P.S. §§ 1421–1428. While the claim of Harrison may be coincidentally captured by the Whistleblower Law, that law was clearly not enacted to prohibit discrimination or to provide the remedy for the violation of the right to be free from discrimination, a civil right expressly declared to be enforceable under the PHRA.

---

[1] "Relate to" is defined as, inter alia, "to be connected with (someone or something); to be about (someone or something)." Merriam Webster.com Dictionary, Merriam-Webster, https://www.merriam-webster.com/dictionary/relate%20to. Accessed 20 Apr. 2020. *Hartman v. City of Allentown*, 880 A.2d 737 (Pa. Cmmwth. 2005) (PHRA not intended to be exclusive in the field of anti-discrimination as 962(b) makes clear that General Assembly intended to preserve anti-discrimination ordinances from pre-emption). *See also SEPTA v. City of Philadelphia*, 159 A3d 443 (Pa. 2017) (recognizing interplay between PHRA and other laws "related to" discrimination and discussing local ordinance in terms of the same subject matter as PHRA).

The fact that an employee claims that she was disciplined for bringing a discriminatory policy or practice to light does not provide an end-around to the PHRA through the Whistleblower Law. By the Majority's reading of Section 962(b), any claim of discrimination that can be shoehorned into a statute or law not specifically intended to prevent discrimination can be brought under the auspices of the other statute or law. But according to Section 962(b), it is the purpose of the statute, not the nature of the claim, that permits an opt-out of the procedures and relief provided by the PHRA.

Harrison filed a retaliation claim after Health Network allegedly discharged her because she opposed race-based discriminatory practices against another employee in their workplace. 43 P.S. § 953. Because Harrison's claim is based on workplace discrimination and the Whistleblower Law is not an anti-discrimination statute, the PHRA provides the exclusive remedy. Hence, I would reverse the Superior Court's ruling.